UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cause No. 1:18-CR-40 |
| ) | |
| ADAM L. GETTS ) | |

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America, by Thomas L. Kirsch, II, United States Attorney for the Northern District of Indiana, Sarah E. Nokes, Assistant United States Attorney, and the defendant, Adam L. Getts, and Michelle F. Kraus, as attorney for the defendant, and show the Court they have entered into a Plea Agreement as follows:

1. I, Adam L. Getts, have the ability to read, write and speak the English language.

2. I have received a copy of the Indictment and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe

1

and feel that my lawyer is fully informed as to all such matters.  My lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights.  The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

   a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by the judge sitting without a jury.  I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Myself and my attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

    c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

    d.    At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

    e.    At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

    f.    At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

    g.    In the event that I should be found guilty of the charge(s) against me, I would have the right to appeal my conviction on such charge(s) to a higher court.

6.    I understand, that if I plead guilty, I waive the right to trial by jury and all of the other rights mentioned above.

7.    I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of

the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

8. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

   a. I will plead guilty to Count 1 of the Indictment charging me with Possession with Intent to Distribute Five Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and Count 2 of the Indictment charging me with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) because I am in fact guilty of these offenses charged in the Indictment.

   b. I understand that the maximum possible penalty that may be imposed upon me for my conviction of the offense charged in Count 1 of the Indictment to which I have agreed to plead guilty is a term of imprisonment of not less than 5 years and not more than 40 years, a fine of not more than $5 million, or both such fine and imprisonment, a supervised release term of at least 4 years, forfeiture of any items involved in the commission of the offense, and a $100 special assessment.

   I understand that the maximum possible penalty that may be imposed upon me for my conviction of the offense charged in Count 2 of the Indictment to which I have agreed to plead guilty is imprisonment of not less than 5 years, which is a mandatory minimum term of imprisonment, and not more than life imprisonment, with a term of imprisonment on this count running

        **consecutively** to any term of imprisonment imposed on all other charges, a fine of not more than $250,000, or both such fine and imprisonment, a term of supervised release of not less than 3 years but not more than 5 years, forfeiture of the items involved in the commission of the offense, and a $100 special assessment.

        I understand that the special assessment of $200 is due and payable prior to my sentencing hearing.

c.     In exchange for my plea to Counts 1 and 2 and the Government's agreement to dismiss the remaining charge, the United States of America and I have agreed that I should receive a sentence of 48 months imprisonment for Count 1 of the Indictment charging Possession with Intent to Distribute Methamphetamine and a sentence of 60 months imprisonment for Count 2 of the Indictment charging Possession of a Firearm in Furtherance of a Drug Trafficking Crime, with said term of imprisonment on Count 2 to run consecutively to the term of imprisonment imposed on Count 1, for an aggregate term of imprisonment of 108 months, which agreement is a binding agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(c).

d.     The government, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, will dismiss Count 3 of the Indictment at the time of sentencing. With respect to the dismissal of Count 3, this Plea Agreement is of the type described in Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. I understand that if the Court, after having received a Presentence Investigation Report from the Probation Office, is unable to accept the government's dismissal of Count 3 of the Indictment, then I will be permitted to withdraw my plea of guilty and the Court will reinstate a plea of not guilty and set the matter for trial.

e. In recognition of my guilty plea, the United States of America agrees not to file a sentencing enhancement under 21 U.S.C. § 851.

f. I agree to forfeit to the United States the following property:

- Rock Island Armory (ARMSCOR) pistol, model M1911-A1, .45 caliber bearing serial number RIA 203660.
- 6 rounds .45 caliber ammunition.

I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in or used in the commission of the offense.   I further consent to the entry of orders of forfeiture pursuant to Federal Rules of Criminal Procedure 32.2.

g. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed.  I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement.  With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

h. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to,

        rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

    i.    Provided I fulfill the terms of this agreement, and do not perform any act or engage in any conduct that is inconsistent with my agreement to cooperate or with my acceptance of responsibility for my conduct, the government agrees to file a recommendation of a downward departure from the sentencing guideline range at sentencing; I understand that the decision regarding whether to grant a departure, or the extent of any departure lies within the discretion of the Court, and that this agreement does not constitute a promise that the judge will grant a departure, or that the judge will impose any particular sentence.

9. I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty as charged of Counts 1 and 2 of the Indictment to which I have agreed to plead guilty.

10. I understand that if I violate any of the provisions of this Plea Agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of **all** the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) the United States could seek to have the Court declare this entire Plea Agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

11.	I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12.	I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

13.  I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

Respectfully submitted,

THOMAS L. KIRSCH, II
UNITED STATES ATTORNEY


By:  /s/ Sarah E. Nokes
Sarah E. Nokes
Assistant United States Attorney
E. Ross Adair Federal Bldg.
& U.S. Courthouse
1300 S. Harrison Street, Room 3128
Fort Wayne, IN 46802-3489
Telephone: (260) 422-2595
Facsimile:   (260) 426-1616
E-mail Address:
sarah.nokes@usdoj.gov


/s/ Adam L. Getts
Adam L. Getts
Defendant


/s/ Michelle F. Kraus
Michelle F. Kraus
Attorney for Defendant

9